# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| v. | : CASE NO.: 7:19-cr-47 (WLS) |
| TONY LEE BAZIN, JR., | : |
| Defendant. | : |

## ORDER

Before the Court is the Parties' Joint Motion for Continuance, filed September 22, 2021. (Doc. 60.) The Parties move to continue trial in this case, which is currently scheduled to begin in November 2021, for three reasons. (1) So that the Defendant's recently hired – who entered a notice of appearance on July 13, 2021 (Doc. 48) – can review the discovery recently provided to them by formerly appointed counsel. (2) So that the parties may continue their discussions regarding resolution of the charges without the need for a trial. (3) Finally, Counsel for the Defendant is scheduled in October for a comprehensive assessment regarding eye surgery, which would make it impossible to properly prepare for any trial in November 2021. For the reasons below, the Motion (I*d.*) is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the

likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Counsel for the Defendant needs additional time to review discovery, work on a resolution that may be favorable to Defendant and the Government and Counsel for the Defendant has scheduled medical appointments which conflict with preparation for the November trial term. (*Id.* at 2.)

Accordingly, the Parties' Joint Motion for Continuance (Doc. 30) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning February 7, 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this   24th   day of September 2021.

/s/ W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**

**UNITED STATES DISTRICT COURT**