# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:19-cr-47 (WLS) |
| | : | |
| TONY LEE BAZIN, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Parties' Joint Response Regarding Status of the Case (Doc. 75) and Seventh Motion for Continuance,[1] (Doc. 76) both of which were filed on June 16, 2022. Therein, the Parties notice the Court that there are no pending motions or matters that require briefing or a hearing to resolve, but that the case will not be ready to proceed to trial during the upcoming August 2022 trial term, due to Defense Counsel's ongoing medical treatment, which would make preparation for trial impossible. (Docs. 75 & 76.)

Accordingly, the Parties request that the Court continue the trial, currently set to begin on August 8, 2022, and exclude the delay from the Speedy Trial Act clock. (*Id.*) The reason that a continuance is requested is that Defense Counsel continues to require ongoing medical treatment – that would make it impossible to properly prepare for and conduct a trial in August 2022. (*Id.*)

The Court finds that granting a continuance in this case is necessary for Defense Counsel to prepare for trial and for continuity of Counsel. For these reasons, the Parties Joint Motion to Continue the trial in this case is **GRANTED**.

---

[1] The Court notes that this is seventh time that the Parties have moved to continue the trial in this case. (Docs. 17, 40, 49, 60, 67, 72 & 76.) This case was also continued for the duration of the Covid-19 related trial moratorium. (Docs. 32-38.) In addition, Defense Counsel noticed the Court in March that the medical treatment he required was expected to be performed in the coming weeks, which this Court believed to mean March or April. (Doc. 72.) While Defendant is not currently incarcerated and has a right to counsel of his own choosing, the Court has a responsibility to ensure the efficient administration of justice. Accordingly, no further continuances shall be granted, absent a timely showing of good cause, to prevent manifest injustice for reasons not reasonably foreseeable or avoidable by the moving Party.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation and continuity of Counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Defense Counsel needs additional time to prepare for trial and denial of a continuance would deprive Defendant of continuity of Counsel.

Accordingly, the Parties' Joint Motion for Continuance (Doc. 76) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning November 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 17th day of June 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**