**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:19-cr-47 (WLS) |
| | : | |
| TONY LEE BAZIN, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

On September 11, 2019, Defendant, Tony Lee Bazin, was indicted in a one-count Indictment (Doc. 1) that charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Defendant's original appearance and arraignment was held before the Honorable Judge Thomas Q. Langstaff on September 16, 2019. (Doc. 9.) While Defendant was originally ordered to be detained pending trial (Doc. 12) Defendant was released pending trial on October 18, 2019. (Doc. 24.) Since then, this matter has been continued for the entirety of the Covid-19 pandemic trial moratorium (Docs. 30-38) as well as eight (8) times upon the Parties request (Docs. 17, 28, 40, 49, 60, 67, 72, & 76.)

While Defendant was originally represented by the Office of the Federal Defender for the Middle District of Georgia (Doc 8), on June 13, 2021, Defense Counsel, Nick M. Bajalia, entered his Notice of Appearance. (Doc. 48.) In the 466 days since Defense Counsel entered his notice of appearance, Defense Counsel has requested a continuance on six (6) separate occasions. (Docs. 40, 49, 60, 67, 72, 76 & 81.) The reason that this Court has continued to grant these continuances is that Defense Counsel has been receiving medical treatment for the past year that Counsel states would make preparation for trial impossible. (Docs. 60, 67, 72, & 76.)

On June 17, 2022, this Court entered an Order (Doc. 77) granting the Defendant's Eighth Motion to Continue (Doc. 76), which the Court notes for the purposes of the record was the sixth time Defense Counsel, Nick M. Bajalia, moved to continue this matter. In granting the eighth continuance, this Court acknowledged Defense Counsel's ongoing medical ailments, but noticed the Parties that "no further continuances shall be granted, absent a timely

1

showing of good cause, to prevent manifest injustice for reasons not reasonably foreseeable or avoidable by the moving Party." (Doc. 77.)

On August 29, 2022, this Court ordered the Parties to confer and inform the Court whether this matter was ready to proceed to trial in November 2022. (Doc. 78.) On September 14, 2022, the Government filed a Joint Response (Doc. 79) informing the Court that this matter was once again not ready to proceed to trial due to Defense Counsel's medical issues. The Parties noted that they anticipated filing a separate joint motion to continue. (*Id.*) The Parties subsequently missed the deadline to file a Motion to Continue, and the Court entered an additional Order (Doc. 80) instructing Defense Counsel to file a motion to continue if one was required on September 19, 2021. In so doing, this Court noted that Defense Counsel has had over a year to prepare for trial in this matter, and that while the Court acknowledges that Defendant is not currently incarcerated and that Defense Counsel has an ongoing serious medical condition, this matter cannot be continued indefinitely. (*Id.*) The Court also noted that it had its doubts that further continuances would outweigh the best interests of the public in a speedy trial. 18 U.S.C. § 3161.

On September 21, 2021, the Government filed a Joint Motion to Continue Trial in the interests of justice, the ninth request for a continuance in this case. (Doc. 81.) Therein, the Parties move to continue as Defense Counsel finally had a comprehensive eye examination on September 20, 2022, and has additional medical consultations the rest of 2022.[1] (Doc. 81.) The Court notes for the purposes of the record that Defense Counsel has previously moved to continue the trial of this matter on four (4) separate occasions as Defense Counsel was either scheduled for this comprehensive eye examination or awaiting further results or further

---

[1] The Court notes for the purposes of the record that Defense Counsel now has a prescheduled surgical consult on October 4, 2022. (Doc. 81.) Defense Counsel states that he has been assured by his eye surgeon that the initial eye surgery on his right eye will occur within two weeks of the surgical consult, or no later than October 21, 2022. (Doc. 81 at 2.) A second surgery should then take place, approximately two weeks later, on Defense Counsel's left eye. (*Id.*) Thereafter, Defense Counsel is scheduled for a final reevaluation and assessment as to the stability of his retinas on December 20, 2022. (Doc. 81.) Accordingly, in the event that Defense Counsel's treatment is a success, this matter shall be ready for trial in February 2023.

2

medical consultation that resulted out of this eye examination. (Docs. 60[2], 67[3], 72[4] & 76[5].) For example, the second time Defense Counsel moved to continue this matter, on September 22, 2021, was because Defense Counsel had a comprehensive eye examination for the purposes of surgery in October 2021 that would make it impossible to prepare for trial in November 2021. (Doc. 60.)

The Court also takes notes of the fact that in the Parties' Joint Motion, Defense Counsel states that he has continued his treatment for some time. (Doc. 81.) While the Court acknowledges that Defense Counsel has continued his medical treatment, Defense Counsel should have immediately noticed the Court of this fact. Instead, Defense Counsel has moved to continue this case on at least four additional occasions for the same reason, albeit removing the dates of when his medical appointments were supposed to occur. (Docs. 60, 67, 72 & 76.)[6] However, for the reasons that follow, the Parties' Joint Motion to Continue (Doc. 81) trial in this case is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the

---

[2] On September 22, 2021, Defense Counsel noticed the Court that he was scheduled for a comprehensive eye examination in October 2021 that would make it impossible to prepare for the November 2021 trial term. (Doc. 60.)

[3] On December 23, 2021, Defense Counsel noticed the Court that he was scheduled an additional comprehensive eye examination on December 28, 2021, and that surgery was tentatively scheduled for January 2022 that would make it impossible to prepare for the February trial term. (Doc. 67.)

[4] On March 28, 2022, Defense Counsel noticed the Court that he was unable to prepare for a May 2022 trial term as Defense Counsel was still awaiting final clearance for his eye surgeries. (Doc. 72.)

[5] On June 16, 2022, Defense Counsel noticed the Court that he was unable to prepare for trial in August 2022 as he had surgeries tentatively scheduled at some unspecified time in the future. (Doc. 76.)

[6] The better practice would be that Counsel timely updated the Court.

3

likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation and continuity of Counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Defense Counsel needs additional time to prepare for trial, in light of his continuing medical condition, and denial of a continuance would deprive Defendant of continuity of Counsel.

Accordingly, the Parties' Joint Motion for Continuance (Doc. 81) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning February 2023, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the February 2023 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

However, this matter cannot be continued indefinitely, and Defendant Bazin as well as the public have the right to a speedy trial. Accordingly, Defense Counsel is hereby **ORDERED** to **IMMEDIATELY** confer with Defendant Bazin regarding Defense Counsel's continued inability to prepare for trial and advise Defendant Bazin that he has the right to consider acquiring new counsel to safeguard his rights. Defense Counsel is hereby **ORDERED** to file a status report regarding his conference with **Defendant within fourteen (14) days of the entry of this Order**. The report may be filed under seal.

Further, in the event that Defense Counsel's medical appointments are continued, once again, Defense Counsel is hereby **ORDERED** to **IMMEDIATELY** notify the Court of such developments and his availability for trial. In the event that Defense Counsel's medical appointments are not continued, based on the Motion presently before the Court (Doc. 81) this matter should be ready to proceed to trial in February 2023.

The October 12, 2022, pretrial conference is **CANCELLED**.

**SO ORDERED**, this 23rd day of September 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

4