# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:19-CR-47 (WLS-TQL-1) |
| | : | |
| TONY LEE BAZIN, JR. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On January 12, 2024, the United States Probation Office ("USPO") Petitioned (Doc. 110) the Court to modify Defendant's conditions of supervision to include a requirement that Defendant participate in a mental health treatment program. USPO contends the change is warranted because Defendant would benefit from a program of mental health treatment which would be able to address mental health and sex offender concerns.

The Court held a hearing on February 13, 2024, at which Defendant, who was represented by counsel, and the Government were present. At the hearing, both the Government and the Defendant consented to the modification. Based on the Court's review of the Presentence Investigation Report, the Judgment (Doc. 107), and the agreement of the Parties as well as from the probation office, the Court finds that there is good cause to modify Defendant's conditions of supervision as requested by USPO. Accordingly, the USPO Petition (Doc. 110) is **GRANTED**. The Judgment (Doc. 107) is hereby **MODIFIED** such that the paragraph requiring Defendant to engage in approved sexual offender treatment (Doc. 107 at 4) be replaced with the following text:

> You shall participate in a mental health treatment program and comply with the treatment regimen of your mental health provider. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. You shall contribute to the costs of such treatment not to exceed an amount determined by the court approved "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

Additionally, Defendant asked the Court to modify the conditions of his supervision so that he may engage in work as a long-haul truck driver. For good cause shown, Defendant's request to modify the terms of his supervision is **GRANTED**. As a result, the conditions of Defendant's probation are hereby **MODIFIED** in the following ways: (1) Defendant will be allowed to engage in his work as a long haul truck driver, (2) during his work as a long haul truck driver, Defendant will have no contact with or have anyone in his vehicle who is under the age of 18; (3) Defendant will notify USPO whenever he leaves the state in the course of his work and when he returns to the state; (4) he will immediately notify USPO if he has any contact with law enforcement not related to routine matters of compliance; and (5) Defendant will give USPO immediate access to the electronic logs and other related records regarding his long haul trucking work to ensure compliance with his conditions of supervision. This modification will remain in place for a period of **six (6) months** at which time USPO are **ORDERED** to inform the Court as to whether the change has caused any issues related to Defendants' supervision. If USPO reports that Defendant is in compliance with the foregoing modification and no reason exists for further modification or termination of the modification, the modification shall remain in effect.

**SO ORDERED**, this 15th day of February 2024

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**