**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  CASE NO.: 7:19-CR-47 (WLS) |
| | : |
| TONY LEE BAZIN, JR., | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

On November 20, 2025, the Court held a hearing on the United States Probation Office's Petition (Doc. 121) to revoke Defendant Tony Bazin's supervised release. This Order memorializes that hearing. Previously, Bazin pleaded guilty to felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Petition alleges five violations of his supervised release. (Doc. 121 at 1.)

At the hearing, Defense Counsel acknowledged that Bazin had been provided with a copy of the Petition for revocation and that Bazin had reviewed it with Counsel. The Court advised Bazin of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Bazin was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Bazin acknowledged he understood. The Court also confirmed from Bazin that he had received the Petition and the Revocation Report (Doc. 130) and reviewed them. Bazin stated that he had spoken to Counsel and wished to stipulate to Violation Number Three. The Court also found that Bazin's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Bazin stipulated to Violation Number Three, a Grade C violation the Government withdrew the allegations of Violations One, Two, Four, and Five, all of which

were Grade C violations.[1] Once Violation Three had been established by the preponderance of the evidence upon Defendant's stipulation, the Court heard from the Government, Defense Counsel, and Defendant Bazin. Neither Bazin nor the Government objected to the Revocation Report. Defendant stated that he had changed his behavior to conform with the requirements of probation. Defendant and the USPO indicated that Defendant's behavior toward probation has improved such that no issues have occurred for the past four months of Defendant's supervision. Therefore, the Court will suspend its revocation decision in this matter until May 3, 2026. If Defendant is accused of any further noncompliance with the conditions of requirements of probation, the Court will hold a hearing on the matter and render its decision.

**SO ORDERED**, this 1st day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).